By the Court.
Sandford, J.
The defendants have paid the freight demanded by the plaintiff in this suit, to the owners of the vessel. They were right in so paying it, if the owners had a lien for the freight; otherwise it must be paid to the. plaintiff.
*100 This depends upon the question, whether the possession of the vessel passed out of the owners’ hands to the plaintiff as charterer of the vessel; for if it did, it is clear they retained no right of lien as against sub-freighters.
By the charter party, the owners were to keep the vessel “ tight, staunch, well fitted, tackled, and provided with every requisite, and with men and provisions necessary for the voyage” on which she was chartered. They put all the room in the vessel, except the cabin and necessary room for the crew, fitments and provisions, at the disposal of the charterer, who agreed to freight and hire the vessel.
The effect of the Instrument was, to hire the vessel to the plaintiff for a stipulated sum per month, in lieu of freight, at specified rates, on the goods shipped, the owners appointing the master, and controlling throughout the furnishing and navigation of the vessel.
It is well settled that, under such circumstances, the owners continue in possession of the vessel, as owners, during the voyage for which she was chartered, and have a lien for their chartdrfreight upon all merchandise transported in her to the extent of the freight payable by the shippers on such merchandise. There are exceptions to this rule, as when the payment of the freight by the charter is postponed in terms beyond the time for delivering the cargo ; but there is nothing of the sort in this case. The principle is laid down in many cases. We refer particularly to McIntyre v Boune, 1 John. R. 229 ; Marcadier v. Chesapeake Insurance Company, 8 Cranch 49 ; Clarkson v. Edes, 4 Cowen, 470 ; Ruggles v. Bucknor, Paine’s C. C. R. 558; Abbott on Shipp. 63, 288 to 299.
The attempt of the defendants to obtain possession of the merchandise consigned to them, by a legal proceeding, did not affect the lien of the owners, and, therefore, could not preclude the defendants from acquiring the possession, in a lawful manner, by discharging the lien.
The judgment at the special term must be reversed, and a judgment entered for the defendants as upon a ruling of the law in their favor, at the special term.